## Case No. 7,034.

### INGELS v. MAST.

[2 Ban. & A. 24; 1 Flip. 424; 7 O. G. 836; 2 Cent. Law J. 349; 9 Pac. Law Rep. 189.] [1]

Circuit Court, S. D. Ohio. Feb., 1875.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and by William Searcy Flippin, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 2 Ban. & A. 24, and the statement is from 1 Flip. 424.]

Wood & Boyd, for complainant.
Hatch & Parkinson, for defendant.

Before EMMONS, Circuit Judge, and SWING, District Judge.

EMMONS, Circuit Judge. 1st—The testimony, when analyzed, does not show any certain basis upon which the finding of the master can rest. No one witness swears to any license fee which is applicable to the precise thing here used, and for which damage is claimed. There is no claim that the report of the master is warranted by any proof of profits.

2d—Subject to reconsideration when the master's further report comes in, it is suggested that the proper measure of damages is the difference between the value of the improvement used by the defendant, and any other like device which was open to him without royalty, or by payment of a less royalty. This is said notwithstanding the suggestion in Judge Grier's decision in Livingston v. Jones [Case No. 8,414], that there is no warrant for subdividing the elements in an improvement and giving the complainant the value only of that peculiar feature in it which he has added. He seems to argue that the portion of the device which is improved must be taken as a unit, and the complainant entitled to its whole value as improved. We rule for the present, on the contrary, that he is entitled only to the value of that which he has added, and that such a subdivision should be made (see Jones v. Moorhead, 1 Wall. [68 U. S.] 155), which, although not deciding the question of damages, modifies Judge Grier's doctrine of unity.

3d—The master will, however, make an additional report, upon the basis that the complainant is entitled to damages for all the profits which the defendant has made by the use of the improved cheeks described in the patent. This, as distinguished from the rule which would confine him to the difference of the value of the cheeks, and such as he might have used without royalty.

It will be recommitted to the master to make a further report in accordance with these views. Ordered accordingly.